IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
(AT KNOXVILLE)

| | |
|---|---|
| HOUSE-HASSON HARDWARE COMPANY, INC., | |
| Plaintiff, | |
| v. | No. 3:12-cv-521 (Phillips / Shirley) |
| SWJ CORPORATION d/b/a GANNET HOME & HARDWARE, PHILIP CROSIER, and MARY CROSIER, | |
| Defendants. | |

## AGREED JUDGMENT

Come the parties, by and through their undersigned counsel, and hereby announce to the Court that they have compromised and settled all claims in this matter, and that the Defendants, SWJ Corporation d/b/a Gannet Home & Hardware, Philip Crosier and wife, Mary Crosier (collectively, the "Defenants"), have agreed to the entry of a judgment against them and in favor of the Plaintiff, House-Hasson Hardware Company, Inc. ("Plaintiff"), as set forth herein. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that the Plaintiff is hereby awarded a judgment against the Defendants, jointly and severally, in the principal amount of $120,000.00; and it is further

ORDERED, that the unpaid balance of this judgment shall accrue interest at the rate of four percent (4.0%) per annum, until the judgment is paid in full; and it is further

EXHIBIT A

ORDERED, that the Defendants shall make monthly payments to the Plaintiff in accordance with the terms set forth in the Settlement Agreement attached hereto as <u>Exhibit 1</u> and incorporated herein by reference; and it is further

ORDERED, that costs shall be taxed to the Defendants in the care of their attorney, for which execution shall issue if necessary.

ENTER this __18th__ day of __JULY__, 2013.

*Thomas W. Phillips*
Hon. Thomas W. Phillips
United States District Court Judge

APPROVED FOR ENTRY:

**HODGES, DOUGHTY & CARSON, PLLC**

By: _____
Joshua M. Ball, Esq.
617 W. Main Street
P.O. Box 869
Knoxville, Tennessee 37901-0869

*Attorney for Plaintiff*

**K.A. RAMES, P.C.**

By: _____
Semaj I. Johnson, Esq.
2111 Company Street, Suite 3
Christiansted, VI 00820
Tel: (340) 773-7284
Fax: (340) 773-7282
*semaj.johnson@rameslaw.com*

*Attorney for Defendants*

APPROVED BY THE DEFENDANTS:

_____
PHILIP CROSIER

_Mary Crosier_____
MARY CROSIER

SWJ CORPORATION d/b/a
GANNET HOME & HARDWARE

By: _Stefanie Crosier_____
Name: Stefanie Crosier
Its: President

# SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (this "Agreement") is entered into this first day of June, 2013 between **HOUSE-HASSON HARDWARE COMPANY, INC.**, a Tennessee corporation ("House-Hasson"), **SWJ CORPORATION d/b/a GANNET HOME & HARDWARE**, a foreign corporation with its principal office at 5030 Anchor Way, Christiansted, St. Croix 00820, U.S. Virgin Islands ("SWJ"), and **PHILIP CROSIER and wife, MARY CROSIER**, individual residents of St. Croix, residing at 132 Mount Welcome, Christiansted, St. Croix 00820, U.S. Virgin Islands (the "Crosiers").

## WITNESSETH:

**WHEREAS**, House-Hasson sold goods on credit to SWJ, and the Crosiers personally guaranteed payment on behalf of SWJ; and

**WHEREAS**, SWJ failed to pay for the goods, and after giving credit for all payments made by SWJ and/or the Crosiers, a balance of $147,877.72 remains due and owing to House-Hasson (exclusive of attorney's fees, pre- and post-judgment interest, and court costs); and

**WHEREAS**, House-Hasson filed a lawsuit against SWJ and the Crosiers (collectively, the "Defendants") in the United States District Court for the Eastern District of Tennessee, styled *House-Hasson Hardware Company, Inc. v. SWJ Corporation d/b/a Gannet Home & Hardware, et al.* (Case No. 3:12-cv-521) (the "Lawsuit"); and

**WHEREAS**, House-Hasson has agreed to compromise its claim against the Defendants, and the parties have agreed to settle the Lawsuit on the terms set forth herein.

**NOW, THEREFORE**, in consideration of the payments, covenants and other matters contained herein, the parties agree as follows:

1. **Agreed Judgment.** Upon the parties' execution of this Agreement, the Defendants consent to the entry of the Agreed Judgment attached hereto as **Exhibit "A"** and incorporated herein by reference (the "Agreed Judgment").

2. **Settlement Amount**. The Defendants jointly and severally covenant and agree to pay House-Hasson the total sum of $120,000.00 (the "Settlement Amount"), which shall be payable as follows:

    a. Monthly installments in the amount of $2,000.00 each, due and payable on or before the first (1st) day of each calendar month hereafter, with the first payment being due on June 1, 2013;

**EXHIBIT 1**

b. The unpaid balance of the Settlement Amount will accrue interest at the rate of four percent (4.0%) per annum until paid in full; and

c. The entire unpaid balance of the Settlement Amount, including accrued interest, shall become due and payable in full on the date that is thirty-six (36) months from the effective date of this Agreement.

d. The Defendants may prepay all or part of the Settlement Amount at any time; however, there shall be no discount of the Settlement Amount for prepayment or early payments.

e. If the Defendants fail to pay any monthly installment within ten (10) days of its due date, then House-Hasson shall give the Defendants written notice of default, whereupon the Defendants shall have ten (10) days from the date of such notice to cure such default, by paying (in full) the amount that is past due and owing.

f. Payments shall be mailed to House-Hasson at its principal office in Knoxville, Tennessee, or at such other address as House-Hasson may specify (in writing) hereafter.

g. Payments shall be made in lawful money of the United States of America.

h. Simultaneous with their execution of this Agreement, the Defendants agree that they will also execute a balloon promissory note evidencing their payment obligation hereunder, and containing the payment terms set forth above.

3. **Mortgage**. To secure the Defendants' obligations under this Agreement and the Agreed Judgment, the Crosiers hereby covenant and agree that they will execute the deed of trust or mortgage instrument attached hereto as **Exhibit "B"** and incorporated herein by reference (the "Mortgage"), thereby granting House-Hasson a first-priority lien against the Crosiers' residence located at 10053 SW 81st Terrace Road 1, Ocala, Florida, and more particularly identified as Lot 3 and part of Lot 4, Kingsland Country Estates Unit No. 1, according to a plat of record at Plat Book L, pages 3 through 6, in the public records of Marion County, Florida (the "Property"). The Crosiers hereby represent, warrant and covenant as follows:

a. There are no liens, mortgages, encumbrances, leases, easements, rights-of-way, encroachments, mineral rights, claims, suits, or other matters affecting the Property, which are not recorded in the public land records for Marion County, Florida.

b. Upon recording, House-Hasson will be the senior lienholder with respect to the Property, and the Mortgage will be senior to all other liens and encumbrances whatsoever, excepting only (i) real property taxes that are not yet due and payable; (ii) subdivision covenants and restrictions of record; and (iii) easements and setbacks of record.

c. The Mortgage shall be prepared by counsel engaged by House-Hasson, and shall contain customary terms, covenants and conditions typically found in a residential mortgage instrument recorded in the State of Florida, including, without limitation, customary provisions requiring standard fire and casualty insurance covering the Property and naming House-Hasson as an additional insured.

d. Upon payment of the Settlement Amount in full, House-Hasson will promptly execute a release of the Mortgage, upon the request of the Crosiers.

e. As a condition precedent to the validity of this Agreement, the Crosiers covenant and agree that they will pay and discharge all real estate taxes assessed against the Property, which have become due and payable on or before the effective date of this Agreement.

4. **Default**. For so long as the Defendants continue making payments in accordance with the terms of this Agreement, House-Hasson will forbear any action to collect the Agreed Judgment. However, upon any default in the payment of the Settlement Amount, and after any applicable cure period has lapsed, the entire Settlement Amount may be accelerated, at House-Hasson's sole option, whereupon payment shall become immediately due and payable in full. Upon such default, House-Hasson may exercise all of its rights and remedies under this Agreement, the Mortgage, and/or applicable law in order to collect the Agreed Judgment.

5. **Attorneys' Fees.** If the Defendants default hereunder, then House-Hasson shall be entitled to recover all of its attorneys' fees and other costs of collection from the Defendants, which shall be due and payable on demand and shall be added to the amount of the Agreed Judgment.

6. **Costs.** The Defendants shall be responsible for any court costs taxed in the Lawsuit. Except as set forth in the preceding paragraph, each party shall be responsible for its own discretionary costs (including their own attorneys' fees) in connection with the negotiation and preparation of this Agreement.

7. **Bankruptcy**. If at any time the Defendants (or any of them) should file a petition for bankruptcy or otherwise seek protection under any state or federal bankruptcy laws, House-Hasson expressly reserves the right to assert any and all claims, defenses and other rights that it may have in order to enforce the terms of this Agreement and/or exercise its rights under the Mortgage. If for any reason House-Hasson is ordered to surrender or repay all or any portion of the Settlement Amount, then this Agreement shall be null and void and House-Hasson may pursue any and all claims, rights and remedies available to it under applicable law for the collection of the Settlement Amount.

8. **Jurisdictions.** The parties agree that this Agreement and the Agreed Judgment shall be enforceable in any jurisdiction where the Defendants and/or their assets may be found from time to time.

9. **No Oral Modification**. Any modification of this Agreement or any additional obligation assumed by any party in connection with this Agreement shall be

binding only if evidenced in writing and signed by an authorized representative of each of the parties hereto.

10. **Authority**. Each person executing this Agreement warrants and represents that they have the authority to execute this Agreement and to bind the party for whom they are signing to the terms and conditions of this Agreement and that on execution, such person's signature will bind said party.

11. **Governing Law**. This Agreement shall be governed by, construed under and enforced in accordance with the laws of the State of Tennessee. If any provision of this Agreement shall for any reason and to any extent be found invalid or unenforceable, the remainder of this Agreement shall be enforced to the greatest extent permitted by law.

12. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be considered an original for all purposes; provided, however, that all such counterparts shall constitute one and the same Agreement.

13. **Legal Counsel.** Each of the Defendants hereby represents, warrants and agrees that:

   a. He, she or it has read this Agreement, understands its terms, and acknowledges that it contains legally binding provisions;

   b. He, she or it has been advised, and has had the opportunity, to consult with that person's own attorney;

   c. He, she or it has either consulted with the person's own attorney, or consciously elected not to consult with such person's own attorney; and

   d. He, she or it acknowledges that Hodges, Doughty & Carson, PLLC has acted as counsel to House-Hasson in this matter and has not advised any other party in this matter. Each other party has consulted with his, her or its own separate legal counsel in connection herewith.

14. **Parties Bound**. This Agreement shall be binding upon and inure to the mutual benefit of the parties hereto, and to their respective successors and assigns, as well as their respective parent, subsidiary and/or affiliated entities, and all owners, officers, directors, managers, employees or agents thereof.

15. **Entire Agreement**. This Agreement reflects the entire agreement between the parties and any statements, promises or inducements made by any party or any agent of any party that are not contained herein shall not be valid or binding. The parties agree to execute and deliver hereafter such additional documents and instruments as may be necessary to carry out the terms of this Agreement.

[Signatures on the following page.]

**IN WITNESS WHEREOF**, this Settlement Agreement has been executed by the parties on the date(s) indicated below.

**THE PLAINTIFF:**

HOUSE-HASSON HARDWARE
COMPANY, INC.

Date: 5-31-2013   By: _____

Title: V.P. /TREAS.

**THE DEFENDANTS:**

SWJ CORPORATION d/b/a
GANNET HOME & HARDWARE

Date: _____   By: _____

Title: _____

Date: _____   By: _____
Philip Crosier, Individually

Date: _____   By: _____
Mary Crosier, Individually

IN WITNESS WHEREOF, this Settlement Agreement has been executed by the parties on the date(s) indicated below.

**THE PLAINTIFF:**

**HOUSE-HASSON HARDWARE COMPANY, INC.**

Date: _____ By: _____

Title: _____

**THE DEFENDANTS:**

**SWJ CORPORATION d/b/a GANNET HOME & HARDWARE**

Date: May 30, 2013 By: _Stefanie Crosier_
Stefanie Crosier
Title: President

Date: May 30, 2013 By: _Philip Crosier_
Philip Crosier, Individually

Date: May 30, 2013 By: _Mary Crosier_
Mary Crosier, Individually

TERRITORY OF THE U.S. VIRGIN ISLANDS )
ISLAND OF ST. CROIX )

Before me, a Notary Public for the United States Virgin Islands, personally appeared **Stefanie Crosier**, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who upon oath acknowledged that he/she is the duly-elected and authorized **President** of **SWJ Corporation d/b/a Gannet Home & Hardware**, the within named bargainor, a corporation, and that he/she executed the foregoing instrument for the purposes therein contained, by signing his/her name on behalf of the corporation in his/her capacity as **President** of the corporation.

Sworn to and subscribed to before me this 30th day of May, 2013.

_____
Notary Public

Kevin A. Rames, Esq.
Notary Public # LNP019-11
My Commission Expires: 10-12-15
St. Croix, U.S. Virgin Islands

My commission expires: _____

TERRITORY OF THE U.S. VIRGIN ISLANDS )
ISLAND OF ST. CROIX )

Before me, a Notary Public for the United States Virgin Islands, personally appeared **Philip Crosier and wife, Mary Crosier**, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who upon oath acknowledged that they executed the foregoing instrument for the purposes therein contained.

Sworn to and subscribed to before me this 30th day of May, 2013.

_____
Notary Public

Kevin A. Rames, Esq.
Notary Public # LNP019-11
My Commission Expires: 10-12-15
St. Croix, U.S. Virgin Islands

My commission expires: _____

Page 6 of 8
Case 3:12-cv-00521-TWP-CCS Document 16 Filed 07/18/13 Page 10 of 10 PageID #: 73